### REALTY RECORDS CO. v. SLUTZKIN.

(Supreme Court, Appellate Term.   November 20, 1911.)

GUARANTY (§ 16*)—CONSIDERATION—EXTENSION OF TIME.

Continuance of an examination of a judgment debtor in supplementary proceedings and an agreement to extend the time, so that he might pay in installments, constituted a sufficient consideration for defendant's guaranty of the debtor's performance of such agreement.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 14–17; Dec. Dig. § 16.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Realty Records Company against Maxwell R. Slutzkin. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before SEABURY, GUY, and COHALAN, JJ.

Joseph Day Lee, for appellant.
Maxwell R. Slutzkin, pro se.

COHALAN, J. The facts in this case are undisputed. The plaintiff herein obtained a judgment against one Friedman. An order for defendant's examination in supplementary proceedings was issued and served. The defendant appeared for examination on September 21, 1910. After being sworn, negotiations for a settlement of the matter were entered into, which negotiations culminated in the making of the following written agreement:

"(1) The examination is adjourned until the 21st day of October, 1910, at 9:30 o'clock in the forenoon, at the office of Joseph Day Lee, at 55 Liberty street, New York City.

"(2) On or before that time debtor agrees to produce some one of financial responsibility, satisfactory to plaintiff's attorney, who will guarantee defendant's promise to pay the plaintiff's attorney the sum of $10 each month, beginning with January 1, 1911, until the judgment herein is fully paid.

"(3) Defendant promises to pay plaintiff's attorney the sum of $10 on the 1st day of each month, beginning January 1, 1911, until the judgment herein is fully paid.                         Samuel S. Friedman, Judgment Debtor.
                                                "Joseph Day Lee, Plaintiff's Attorney.

"In consideration of plaintiff's attorney adjourning hearing as above and extending defendant's time to pay, I guarantee the performance of said promise made by him simultaneously herewith. If he produces another guarantor as agreed in (2), I am to be relieved from the promise.
                                                "Maxwell R. Slutzkin."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The present action was brought in April, 1911, against this defendant, upon the above instrument. Upon the trial, the making of the written agreement was admitted, and it was proven that the debtor did not produce any other person to guarantee the payment of the claim, nor had he paid it himself, or any part thereof, although payment had been demanded of him. No proof whatever was offered by the defendant. The trial justice gave judgment in favor of the defendant, from which judgment this appeal is taken.

The contract in question is clearly binding upon this defendant. It has always been held that an agreement to forbear proceedings at law for the enforcement of a valid claim is a good consideration for a promise. This principle is so well known and of such long standing as to need no citation of authority to support it. The debtor asked for an adjournment of his examination and an extension of time in which to pay. This extension was given him, and for that the defendant gave his promise of guaranty, and, in the event of the failure of the debtor to perform, the defendant became liable under such guaranty. The judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.